# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 18-0378V
Filed: August 29, 2019
UNPUBLISHED

| | |
|---|---|
| CLEMEY ROBINSON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA*, for petitioner.
*Lara Ann Englund, U.S. Department of Justice, Washington, DC*, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

  On March 12, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her October 7, 2015 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On February 22, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On August 28, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $65,000.00.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $65,000.00 in the form of a check payable to petitioner, Clemey Robinson.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                        **s/Nora Beth Dorsey**
                                        Nora Beth Dorsey
                                        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| CLEMEY ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 18-378V |
| ) | Chief Special Master Nora Beth Dorsey |
| SECRETARY OF ) | |
| HEALTH AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 31, 2019, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§300aa-10 to -34.  Accordingly, on February 22, 2019, the Chief Special Master issued a Ruling on Entitlement.

**I.    Items of Compensation**

Respondent proffers that petitioner should be awarded $65,000.00.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.    Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$65,000.00** in the form of a check payable to petitioner.[1]  This

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

s/ LARA A. ENGLUND
LARA A. ENGLUND
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail:  lara.a.englund@usdoj.gov

Dated:  August 27, 2019